THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel.
JOSE HERNANDEZ-GIL, DMD,
Relator

        Plaintiff,

v.                                              No. Civ. 13-1141 JH/KBM

DENTAL DREAMS, LLC A/K/A DENTAL
EXPERTS, LLC, an Illinois limited liability
company, SAMEERA TASNIM HUSSAIN,
DMD, individually and as an organization
agent, DENTAL DREAMS, LLC, a New
Mexico limited liability company, FAMILY
SMILES, LLC, a New Mexico limited
liability company, FRANK VON
WESTERNHAGEN, DDS, individually and
as an organization agent, KOS SERVICES,
LLC, an Illinois limited liability company, and
KHURRAM HUSSAIN, ESQ., individually
And as an organization agent,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Plaintiff's Motion to Exclude Opinions and Testimony of Defendants' Expert Witness (ECF No. 113). This Court, having considered the pleadings, motions, briefs, evidence, and relevant law, concludes Plaintiff's motion to exclude certain testimony and opinions of Defendants' expert William D. Goren, Esq., should be granted in part and denied in part as described herein.

## I. BACKGROUND

The relevant facts concerning Plaintiff's ADA claim are set forth more fully in the Court's recently filed Memorandum Opinion and Order on Defendants' motion for summary judgment.

William D. Goren is an attorney with experience with ADA law and compliance issues. *See* Expert Report of William Goren 1, ECF No. 113-1. He is the author of four editions of *Understanding the ADA*, published by the American Bar Association, and is a frequent presenter and writer on the ADA and disability accommodation. *Id.* Additionally, he served as a tenured professor and ADA instructional coordinator, teaching the subject of ADA, among others. *Id.*

Plaintiff seeks to exclude the following opinions by Mr. Goren: (1) the sole accommodation on which Dr. Hernandez-Gil insisted was not reasonable because it posed an undue hardship from an operational perspective on Defendants' business; (2) Dr. Hernandez-Gil failed to fulfill his duty to engage in an interactive process with Defendants concerning reasonable accommodation for his disability because he broke up the process; and (3) Dr. Hernandez-Gil's dog, Boscoe, was not a service animal at the time of Dr. Hernandez-Gil's employment. Plaintiff did not depose Mr. Goren.

## II. LEGAL ANALYSIS

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods, and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (2011). *See also 103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (describing analysis as two-steps: (1) determining whether expert is qualified and (2) whether the expert's opinion is reliable under *Daubert* principles[1]). The touchstone of admissibility under Rule 702 is helpfulness to the trier of fact. *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991).

A court should consider the following non-exhaustive and non-dispositive factors in determining whether particular expert scientific testimony is reliable: whether the expert's technique or theory can and has been tested; the theory has been subject to peer review and publication; the known or potential rate of error of the technique or theory when applied; the existence and maintenance of standards and controls; and the general acceptance of the methodology in the relevant scientific community. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149-50 (1999); *103 Investors*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). The *Daubert* Court clarified that the focus must be solely on the principles and methodology, not on the conclusions they generate. *Daubert*, 509 U.S. at 595. With other non-scientific experts, "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho*, 526 U.S. at 150 (emphasis added).

Expert witnesses may testify about ultimate issues of fact, but an expert may not state legal conclusions drawn by applying the law to the facts. *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015). Although an expert may not give an impermissible legal conclusion, an expert may give testimony that embraces an ultimate issue so long as the expert's testimony assists, rather than supplants, the jury's judgment. *Id.* (quoting *United States v. Dazey*, 403 F.3d 1147, 1171-72 (10th Cir. 2005)); *United States v. Schneider*, 704 F.3d 1287, 1293 (10th

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Cir. 2013) (stating that Rule 704(a) allows expert opinion on an ultimate issue so long as he explains basis for any summary opinion and does not simply tell the jury what result to reach). "Permissible testimony provides the jury with the tools to evaluate an expert's ultimate conclusion and focuses on questions of fact that are amenable to the scientific, technical, or other specialized knowledge within the expert's field." *Richter*, 796 F.3d at 1195.

Where an expert witness's testimony is based on his experience, the expert witness must explain how his experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009) (quoting Fed. R. Evid. 702 advisory committee's note (2000)). It is improper for a legal expert to supplant the court's duty to set forth the law and the jury's duty to apply the law to the evidence. *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).

Plaintiff seeks to exclude Mr. Goren's opinion that the sole accommodation on which Dr. Hernandez-Gil insisted was not reasonable because it posed an undue hardship. Plaintiff argues that "Mr. Goren's testimony should be limited to the facts of the matter, not the legal ramifications thereof, including whether his actions were reasonable or the results constitute an 'undue burden.'" Pl.'s Mot. in Limine 7, ECF No. 113. Defendants contend that Mr. Goren opines on "ultimate facts," not ultimate legal questions, noting that he does not go as far as to opine on whether Defendants violated the ADA or engaged in discriminatory practices. While Mr. Goren's opinions may not go to the "ultimate" legal questions, the Court nonetheless concludes that the opinions are legal conclusions that would supplant the jury's duty to apply the law to the evidence. His particular legal conclusions effectively tell the jury how the case should be decided. Accordingly, Mr. Goren will be excluded from rendering a legal conclusion on the

issues of reasonableness and undue hardship. *See Specht*, 853 F.2d at 808 ("The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case.").

Plaintiff acknowledges that Mr. Goren can testify to certain factual matters. *See* Pl.'s Reply 5, ECF No. 129 ("…Dr. Hernandez-Gil would not object to Mr. Goren's testimony concerning the claim that having a dog in the dental office caused disruption to the work flow or put patients at risk of infection."). Plaintiff nevertheless seeks to exclude Mr. Goren's testimony about the impact that having a dog at Defendants' worksite would have. Plaintiff first contends that the impact of having a dog in an office setting is within the juror's common knowledge and experience and does not require the assistance of the expert's specialized knowledge. The Court finds that this testimony by Mr. Goren, based on his experience on ADA compliance matters, would be helpful to the jury and is a factual issue, not impermissible legal conclusion. Although Plaintiff sets forth a number of factors that Mr. Goren did not address when proffering his opinion that Boscoe prevented the use of the office by other personnel, those are issues ripe for cross-examination and do not warrant all-out exclusion. Plaintiff alternatively argues that Mr. Goren does not have expertise in germ migration to opine on the need for a dental facility to restrict a dog from entering sterile areas. The Court finds that Mr. Goren's expertise in ADA compliance issues gives him experience to opine about the need to maintain sterile areas in a dental office that would aid the jury's understanding of the factual and legal issues. Plaintiff's arguments concerning Mr. Goren's knowledge about germ migration are, once again, fodder for cross-examination. Mr. Goren will be permitted to offer his factual opinions.

Plaintiff also requests the Court exclude Mr. Goren's opinion that Plaintiff broke up the

interactive process. Plaintiff argues this testimony is within the juror's common knowledge and an expert is not needed to assist the jury. The Court agrees that whether Plaintiff or Defendant broke up the interactive process is a legal conclusion that the jury can make without the assistance of expert opinion, which would usurp its function. Mr. Goren, however, will be permitted to otherwise testify concerning his factual opinions concerning the interactive process discussed in his report, for example, his factual opinion that Plaintiff refused to consider alternative solutions.

Plaintiff additionally asserts that Mr. Goren is not qualified to render opinions that the presence of a service dog in the dental clinic prevented Defendants from ensuring that the health and safety of their patients and staff were not compromised. Plaintiff argues that Mr. Goren has no experience or training in the operation of a dental office. Mr. Goren, however, reviewed Family Smiles' office diagram and has experience working with employers on ADA compliance issues. The Court finds Mr. Goren qualified by experience and training to testify concerning the impact of having a dog in a dental office like Family Smiles.

Finally, Plaintiff argues that Mr. Goren is not qualified to render an opinion on whether Boscoe was acting as a service dog. Plaintiff argues that Mr. Goren's opinion is based on the "recognition and response" test that only applies to Titles II and III of the ADA, not to Title I. The Court finds that Mr. Goren's testimony concerning "recognition and response" would be helpful to a jury in determining whether Boscoe was acting as a service animal. The issue of whether Boscoe acted as a service animal is relevant to the reasonableness of the accommodation Plaintiff requested. Mr. Goren has extensive experience consulting and offering training on issues of ADA compliance. Expert Report of William Goren 1, 7-9, ECF No. 113-1. He has authored numerous publications on the ADA, including journal publications regarding service

animals: *Ins and Outs of Nevada's Service Animal Laws* and *Service Dogs and the ADA*. *Id.* at 14-15. The factual opinions Mr. Goren offers in his report concerning service animals would be helpful to a jury and he explains the basis and methodology for his opinion that Boscoe was not acting as a service animal at the time of Plaintiff's employment. The Court will therefore not exclude Mr. Goren's opinion on whether Boscoe was a service dog.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Exclude Opinions and Testimony of Defendants' Expert Witness (**ECF No. 113**) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiff's request to exclude Mr. Goren from rendering legal conclusions on the issues of reasonableness and undue hardship is **GRANTED**;

2. Plaintiff's request to exclude Mr. Goren from opining that Plaintiff broke up the interactive process is **GRANTED**; and

3. In all other respects, Plaintiff's motion to exclude testimony of Mr. Goren is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**