THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel.
JOSE HERNANDEZ-GIL, DMD,
Relator

        Plaintiff,

v.                                                            No. Civ. 13-1141 JH/KBM

DENTAL DREAMS, LLC A/K/A DENTAL
EXPERTS, LLC, an Illinois limited liability
company, SAMEERA TASNIM HUSSAIN,
DMD, individually and as an organization
agent, DENTAL DREAMS, LLC, a New
Mexico limited liability company, FAMILY
SMILES, LLC, a New Mexico limited
liability company, FRANK VON
WESTERNHAGEN, DDS, individually and
as an organization agent, KOS SERVICES,
LLC, an Illinois limited liability company, and
KHURRAM HUSSAIN, ESQ., individually
And as an organization agent,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an issue that it previously reserved ruling on in Defendants' Motion for Summary Judgment and Memorandum in Support (ECF No. 112), and in which the parties briefed the issue in Relator's Memorandum Regarding Waiver of Joint Employer Argument (ECF No. 161) and in Defendants' Brief on the Issue of Waiver (ECF No. 162). The Court, having considered the motion, the briefs, the evidence, the law, and otherwise being fully advised, will deny Defendants' request for an order granting summary judgment to Dental Dreams,

LLC, a.k.a Dental Experts, LLC ("Dental Experts") on Counts 13-15 and 19-21 and for an order granting summary judgment to KOS Services, LLC, ("KOS") on Counts 13-21, and will allow a jury to consider the claims.

I. BACKGROUND

In a Memorandum Opinion and Order, this Court granted in part and denied in part Defendants' Motion to Partially Dismiss Amended Complaint and to Strike (ECF No. 57). As relevant here, the Court denied Defendants' request to dismiss Counts 13-15 and 19-21 against Defendant Dental Experts under Rule 12(b)(6) and denied Defendants' request to dismiss Counts 13-21 against Defendant KOS under Rule 12(b)(6). Mem. Op. and Order 53, ECF No. 141. The Court applied the joint employer and single-employer tests and in doing so reasoned:

> as to Dental Dreams a.k.a. Dental Experts and KOS Services, the allegations state a claim to survive Rule 12(b)(6) or Rule 12(c) dismissal. The allegations indicate that Dental Dreams a.k.a. Dental Experts and KOS had a high degree of interrelatedness in the day-to-day operations for administrative purposes dealing with employees of Family Smiles. *See*, *e.g.*, Verified Am. Compl. ¶ 107 (alleging Plaintiff received email from Abby Heckler containing attachments with a "new hire" packet of materials, the attachment of which was entitled "DentalDreamsNewEmployee.doc," email listed her as agent of KOS and Dental Experts, email contained Form I-9, Employment Eligibility Verification, which was partially filled out identifying "Juliette Boyce" from "HR" from "KOS Services LLC" in the employer block); ¶ 108, ECF No. 52 (alleging dentist called Plaintiff on behalf of "Dental Dreams" and spoke to him about the company's general practice); ¶ 174 (Plaintiff exchanged emails with Mubeena Nurani about his work schedule, and her signature block indicated she represented KOS and Dental Experts); ¶ 177 (Plaintiff exchanged email concerning his complaint about amount of his paycheck with Christine Benesa at KOS), ECF No. 52.
>
> Significantly, the Employment Agreement between Plaintiff states it is between him and "Family Smiles" as well as "its parent" and "affiliate." Employment Agreement 1, ECF No. 52-1. The agreement itself thereafter sets forth the duties of "FSL," which is expressly the collective term for Family Smiles, its parent, its affiliate, etc. *Id.* The allegations indicate that both Dental Dreams a.k.a. Dental Experts, LLC, and KOS Services, Inc., had centralized control of labor relations, common management, and common ownership. The allegations also suggest that those entities shared or co-determined matters governing the essential terms and conditions of Plaintiff's employment. The Court will therefore not

2

dismiss at this time the claims against those two entities.

> However, as discussed above, the Court is not convinced that Plaintiff has satisfied his burden on summary judgment to keep Dental Dreams a.k.a. Dental Experts, LLC, and KOS Services, LLC, in the case. The Court will take up argument on this waiver issue at the Call of the Calendar on April 5, 2018.

*Id.* at 47-48.

The Court, in the same Memorandum Opinion and Order, considered Defendants' motion for summary judgment, including their argument that Plaintiff's discrimination and retaliation claims against Defendants other than Family Smiles should be dismissed because the record was devoid of evidence to support veil piercing. *See id.* at 39-40. The Court then explained:

> Plaintiff states in his summary judgment response that he continues to assert liability against Family Smiles, Khurram Hussain, Dental Dreams a.k.a. Dental Experts, LLC, and KOS Services, LLC, for his various retaliation claims and against Family Smiles, Khurram Hussain, and KOS Services for his ADA and Title VII discrimination claims. *See* Pl.s Resp. 18 n.2, ECF No. 123. Plaintiff, however, failed to address in his response to the summary judgment motion the arguments Defendants made that the record is devoid of evidence to support veil-piercing. Plaintiff did not cite to specific evidence in the summary judgment record to support his theories of liability for entities other than Family Smiles. Nor did Plaintiff expressly incorporate arguments he made in his response to Defendants' motion to dismiss.
>
> Plaintiff nevertheless sets forth in his response to Defendants' motion to dismiss the theories of liability upon which he relies. As discussed *infra*, the Court finds that the claims against Dental Dreams, LLC a.k.a. Dental Experts, LLC, an Illinois limited liability company, and KOS Services, LLC, will survive Rule 12(b)(6) dismissal, but the claims against Defendant Khurram Hussain will be dismissed under Rule 12(b)(6). The Court thus needs to determine whether claims against Dental Dreams, LLC a.k.a. Dental Experts, LLC, an Illinois limited liability company, and KOS Services, LLC, survive summary judgment or whether Plaintiff waived them.
>
> In the response to the motion to dismiss, Plaintiff relies on numerous paragraphs of his Verified Amended Complaint that were sworn to by Dr. Hernandez-Gil, *see* Verification, ECF No. 52 at 124 of 125. Consequently, the record contains arguments on the issue of veil-piercing using potentially admissible evidence on summary judgment (that to which Plaintiff has personal knowledge). Nevertheless, since the filing of the briefing on the motion to dismiss, discovery has proceeded, and Defendants re-briefed the issues on summary judgment. Issues

> of fairness to Defendants are at play as to whether the Court should consider arguments and evidence in separate briefing that were not incorporated into the summary judgment briefing. Generally, when Defendants raise an argument of lack of evidence on summary judgment, it is Plaintiff's burden on summary judgment to set forth the admissible evidence it wishes the Court to consider.
>
> The Court would like to hear arguments from the parties regarding whether Plaintiff has waived his claims of liability so that summary judgment should be granted to Dental Dreams a.k.a. Dental Experts, LLC, an Illinois limited liability company, and KOS Services, LLC, on the remaining claims against them. *See* Fed. R. Civ. P. 56(e) (providing options for court when party fails to properly address another party's assertion of fact, including opportunity to support or address fact). The Court will consider arguments on this limited issue of waiver at the Call of the Calendar hearing already currently scheduled for Thursday, April 5, 2018, at 1:30 p.m. Given that this Memorandum Opinion and Order resolves most of the issues of the pending motions, the Court will grant the Joint Motion for Hearing and for Oral Argument on pending Motions (ECF No. 136) only in part to permit argument at the Call of the Calendar on the outstanding issues remaining for trial and not resolved by the entry of this order.

*Id.* at 40-41.

The Call of the Calendar was subsequently vacated when the parties moved to continue the trial. The Court then ordered the parties to submit simultaneous briefs on the issue of waiver. This opinion addresses the issue left open after the Court's Memorandum Opinion and Order (ECF No. 141).

## II. LEGAL ANALYSIS

"Plaintiff concedes that, in his summary judgment response, he did not expressly cite to specific evidence in the summary judgment record to support his joint employer claims against Dental Dreams, LLC, a.k.a Dental Experts, LLC and KOS Services, LLC." Relator's Mem. 3, ECF No. 161. Relator nonetheless argues that the Court should not consider his arguments in support of those claims waived because he briefed the integrated enterprise theory of liability, including the joint employer test, in his response to the motion to dismiss, which the Court considered at the same time as the summary judgment motion. Relator asserts that he made the testimony in his

4

Verified Amended Complaint part of the record, including many of the facts cited in support of his joint employer arguments. He additionally argues that under Rule 56(c)(3), the Court may consider other materials in the record not cited by either party. Relator contends that the undisputed facts in Defendants' own submissions provide enough facts to estop Defendants from arguing they are entitled to summary judgment. Finally, Relator contends that he should be *sua sponte* awarded summary judgment on his joint employer claims.

Although Relator acknowledges his failure to respond in his summary judgment response to Defendants' arguments seeking summary judgment against Dental Experts and KOS for claims relying on a veil-piercing theory of liability, Relator made those arguments in his response to the motion to dismiss, relying on a Verified Amended Complaint. The motion to dismiss was pending before the Court at the time it examined the motion for summary judgment. This case is thus not one in which the non-moving party had no evidence or argument in the record to refute summary judgment. Accordingly, based on the record, the Court finds it should not consider Relator's silence in his response to the summary judgment as conceding the arguments he had made in response to the then-pending motion to dismiss.

Moreover, the purpose of summary judgment is to weed out claims for which there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Based on the record before the Court, there are facts, construed in Relator's favor, which a jury could find support the theory of liability against Dental Experts and KOS. The Court agrees with Relator that finding that he waived his arguments would be an overly technical application of the rules and not in keeping with the purpose of summary judgment. The Court will therefore deny summary judgment to Dental Experts on Counts 13-15 and 19-21 and deny summary judgment to KOS on Counts 13-21, and allow a jury to consider those claims.

Finally, the Court rejects Relator's argument that he is entitled to summary judgment on his joint employer claims.

**IT IS THEREFORE ORDERED** that Defendants' request, set forth in their Motion for Summary Judgment and Memorandum in Support (**ECF No. 112**) and in Defendants' Brief on the Issue of Waiver (**ECF No. 162**), for an order granting summary judgment to Dental Dreams, LLC, a.k.a Dental Experts, LLC on Counts 13-15 and 19-21 and for an order granting summary judgment to KOS Services, LLC, on Counts 13-21 is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**