THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, and
STATE OF NEW MEXICO, ex rel.
JOSE HERNANDEZ-GIL, DMD,
Relator

       Plaintiff,

v.                                                                                                                                              No. Civ. 13-1141 JH/KBM

DENTAL DREAMS, LLC A/K/A DENTAL
EXPERTS, LLC, an Illinois limited liability
company, SAMEERA TASNIM HUSSAIN,
DMD, individually and as an organization
agent, DENTAL DREAMS, LLC, a New
Mexico limited liability company, FAMILY
SMILES, LLC, a New Mexico limited
liability company, FRANK VON
WESTERNHAGEN, DDS, individually and
as an organization agent, KOS SERVICES,
LLC, an Illinois limited liability company, and
KHURRAM HUSSAIN, ESQ., individually
And as an organization agent,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       This matter is before the court on Defendants' Motion in Limine to Exclude Evidence or Argument Related to Massachusetts Settlement (ECF No. 139) and Relator's Motion in Limine to Exclude Evidence and Argument (ECF No. 140). The Court, having considered the motions, briefs, evidence, relevant law, and otherwise being fully advised, will grant Defendants' motion in limine and will grant in part and deny in part Relator's motion in limine.

## I. LAW

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Rule 404(b) prohibits the admission of evidence of crimes, wrongs, or other acts to prove a person's character to show action that conforms to that character, but it allows evidence of other bad acts if admissible for other purposes, such as intent, knowledge, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b).

## II. ANALYSIS

### A. Defendants' Motion in Limine to Exclude Evidence or Argument Related to Massachusetts Settlement

Defendant seeks to exclude any evidence or argument relating to settlements between Dental Dreams, LLC, a Massachusetts entity, and the United States Attorney's Office for the District of Massachusetts and the Massachusetts Attorney General's Office (collectively, the "Massachusetts settlement"). Relator does not oppose the motion or requested order, subject to the one exception that Relator requests the Court allow evidence or argument "in the event that any of Defendants' witnesses give testimony or otherwise provide evidence in a matter that is inconsistent with the facts of the matter as explained in the Declaration of Laura McLane that accompanied the Motion." Relator's Resp. 2, ECF No. 153. The Court finds that the Massachusetts settlement is not relevant to this case. Even if the evidence had any minimal probative value, the value is substantially outweighed by the danger of undue prejudice, confusing the issues, misleading the jury, and wasting time. The Court will not permit inquiry by either party into the Massachusetts

settlement under Federal Rule of Evidence 403, and therefore, there should be no basis for any possible impeachment value regarding the contents of Ms. McClane's Declaration. Accordingly, the Court will grant Defendant's motion in limine in its entirety and preclude evidence and argument regarding the Massachusetts settlement.

### B. Relator's Motion in Limine to Exclude Evidence and Argument

Relator seeks to exclude evidence of the following: (1) his prior employment history, (2) his subsequent employment history, and (3) the New Mexico Department of Workforce Services' "Determination of No Probable Cause" Letter (hereinafter "No Probable Cause Letter"). Defendants argue that the No Probable Cause Letter is admissible under the public records exception to hearsay set forth in Rule 803(8). Additionally, they assert that Relator's prior and subsequent employment history are relevant to Relator's damages.

To determine whether Rule 404(b) evidence is admissible, courts should consider four factors:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

A portion of Relator's employment history was provided to the Court in the summary judgment record. *See* Def.'s Ex. 11, ECF No. 112-11. Relator seeks damages for, among other things, "emotional distress and lost past and future compensation and benefits." Verified Am. Compl. ¶ 330, ECF No. 52. The Court finds that Relator's subsequent employment history is relevant to the issue of mitigation of his damages. The evidence is thus offered for a proper purpose and relevant to issues at trial, so the first two factors set forth in *Zamora* have been satisfied. The

3

Court finds that the danger of unfair prejudice is outweighed by the probative value of the mitigation evidence, and can be cured by appropriate jury instructions, if requested. The Court will therefore deny Relator's motion in limine to exclude evidence of his subsequent employment history. This ruling does not prevent the parties from raising objections to specific evidence at trial. *Cf. Randolph v. ADT Sec. Services, Inc.*, Civ. No. DKC 09-1790, 2012 WL 4480259, at *1 (D. Md. July 23, 2012) (unpublished) (holding that plaintiffs' subsequent employment history is relevant to damages plaintiffs incurred because of allegedly unlawful termination, and thus, denying plaintiffs' motions to exclude "any and all" evidence relating to their financial condition and employment history after termination).

As for Relator's prior employment history, the Court finds it is relevant to the issue of his damages, both his earning capacity and the extent of his emotional distress damages. *Cf. Montoya v. Sheldon*, 898 F.Supp.2d 1259, 1273 (D.N.M. 2012) ("Montoya's prior arrests are relevant to the issue of his emotional distress damages, because the amount of times and the manner in which M. Montoya had been arrested up to the arrest, if he is claiming emotional distress only to that time, or the amount of arrests up until the present if he claims his emotional damages are ongoing, makes more or less probable the Defendants' arrest emotionally distressed him."); *Martin v. Cottrell Contracting Corp.*, No. 7:00-CV-114-F(1), 2000 WL 331277232, at *1 (E.D.N.C. Sept. 13, 2000) (finding merit to defendant's argument that "the Plaintiff's 'employment history, employability (or difficulty retaining employment), job performance (including poor performance), advancement (or lack thereof), and earnings history are all relevant to his pre-injury earning capacity'"). The evidence is thus offered for a proper purpose and relevant to issues at trial, so the first two factors have been satisfied. The probative value of the evidence is not substantially outweighed by its potential for unfair prejudice, and a jury instruction may be provided, upon request, to instruct the

jury that the evidence is to be considered only for the proper purpose for which it is admitted. The Court will therefore deny Relator's motion to exclude generally his prior and subsequent employment history.

This ruling, however, is without prejudice. Should evidence be admitted that will result in mini-trials of the reasons for why Relator left employment at each of the places, such evidence has the potential for confusing the issues, creating undue delay, and wasting time. At this stage, however, it is unclear what specific evidence Defendants intend to present at trial. Consequently, while generally permitting evidence of prior and subsequent employment history, the Court's ruling does not preclude the parties from objecting to specific evidence at trial.

Next, Relator argues that the No Probable Cause Letter is hearsay and unreliable because it is "entirely conclusory without any analysis." Relator's Mot. 5, ECF No. 140. Defendants contend the No Probable Cause Letter is admissible under Rule 803(8) as a public record because it is trustworthy and relevant.

Rule 803(8)(A) provides an exception to the hearsay rule for public records that set out "in a civil case … factual findings from a legally authorized investigation," Fed. R. Evid. 803(8)(A)(iii), so long as the opponent "does not show that the source of information or other circumstances indicate a lack of trustworthiness," *id.* at 803(8)(B). The advisory committee's notes explain factors that may assist in determining the admissibility of reports under Rule 803(8)(A): "(1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; (4) possible motivation problems.... Others no doubt could be added." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002) (quoting Fed. R. Evid. 803(8)(c) advisory committee's note). The Court finds that Relator has not shown the untrustworthiness of the No Probable Cause Letter, and thus finds the Rule

803(8)(A) public records exception met. *Cf. Daniel v. Cook County*, 833 F.3d 728, 739-42 (7th Cir. 2016) (concluding that Department of Justice investigative report fell within Rule 803(8)(A)(iii) hearsay exception because it was timely, it relied on team of experts, the Department provided a draft to county officials and gave them an opportunity to respond, and was prepared as part of an investigation that the Department carried out pursuant to its statutory duties).

Nevertheless, this Court must determine whether the letter should be excluded under Rule 403. *See Hall v. Western Production Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993) (district court has discretion under Rule 403 to determine whether evaluative reports of public agencies should be excluded); *Coleman*, 306 F.3d at 1344-47 (holding that, despite presumption of admissibility under Rule 803(8)(C), trial court must make case-by-case decision under Rule 403 of whether EEOC determination letter is more probative than prejudicial, considering factors such as undue delay, waste of time, or needless presentation of evidence). The Court finds that the danger of prejudice and confusing the jury substantially outweighs the probative value of the evidence. There is a considerable danger that the jury may be overly influenced by the Department of Workforce Solutions' determination, defer to the agency expertise, and abdicate its own independent judgment. *Cf. Hall*, 988 F.2d at 1051-52, 1058 (finding no abuse of discretion in district court excluding Wyoming Fair Employment Commission report that determined plaintiff was not discharged because of his age, where all evidentiary matter before agency could be presented to jury in some form, and thus, only purpose to be served by evidence would be to suggest to jury that it should reach same conclusion).

The Court will thus at this time grant Relator's request to exclude evidence of the No Probable Cause Letter. This ruling, however, is without prejudice. As Defendants note, Relator has designated as trial exhibits his complaint to the New Mexico Human Rights Bureau and the

EEOC Dismissal and Notice of Rights. Defendants argue that admission of the No Probable Cause Letter is necessary under the rule of completeness. The parties may raise the admissibility of the letter at trial should evidence therein become more relevant for impeachment purposes or other admissible grounds.

**IT IS THEREFORE ORDERED** that

1. Defendants' Motion in Limine to Exclude Evidence or Argument Related to Massachusetts Settlement (**ECF No. 139**) is **GRANTED**.

2. Relator's Motion in Limine to Exclude Evidence and Argument (**ECF No. 140**) is **GRANTED** as to the request to exclude the New Mexico Department of Workforce Services' "Determination of No Probable Cause" Letter, but in other respects is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**